Ruffin, C. J.
 

 The motion to plead a set off was properly retused, whether it be regarded as a motion to plead
 
 ab origine,
 
 or to add a plea to one before made. Being a motion addressed to the discretion of the Superior Court, the decision there is final. It has been often held so in respect to adding a plea. So it must be, when the defendant does not plead in apt time and wishes to do so afterwards. The Act of 1794 allows a trial by jury on an appeal from a justice on an issue made up in the County Court, but it directs that the issue shall be made up at the first term, and consequently the defendant, as a matter of right, cannot plead after that term. Upon this ground, this Court could not reverse the decision, being on a matter of discretion, whatever we might think of its propriety. But under the circumstances and in that stage of the case the Court very properly, in our opinion, refused to admit the plea tendered.
 

 
 *482
 
 We think likewise that the Court properly refused to arrest the judgment. The defendant insisted on the statute of limitations before the magistrate, and he entered it on the warrant as “the plea” of the defendant, and although no plea was formally drawn up and filed in the County Court, it is obvious that both parties treated that minute as a plea, on which issue was joined in both the County and Superior Court. The plaintiff was twfice non-suited, because he wras not ready to prove his case on that issue, there being no other, and he was compelled to pay the costs to the defendant in order to get his cause reinstated. The justice of the case therefore clearly required judgment to be given cn the verdict, as upon an issue joined. But if it be admitted that there was no plea in Court, the plaintiff would still be entitled to judgment, for the want of a plea. From the nature of the jurisdiction of a Justice of the Peace, an appeal from him was to all the Justices, sitting in the County Court for a re-hearing in a summary way, like that before had out of Court. Such is the course on appeals to the Quarter Sessions in England. Accordingly, our Acts of
 
 \lll,\Rev. Co. C.
 
 115, 63, expressly provided for are-hearing or determination by the Justices of the Court without further process, and in a summary way without a jury. The Act of 1794,
 
 Rev. Code C.
 
 414 directs, indeed, that an issue shall be made up and tried the first Court by a jury. But it is obvious there can be no issue made up, unless the defendant will tender one by plea; as without a suggestion from him, the Court cannot know on what point to make up the issue. Then, the question is, what is the proper course when the defendant will not plead. The plaintiff is not thereby to be deprived or delayed of a trial. In strictness we suppose the Court might proceed to a summary adjudication according to the course of the common law', and that prescribed in the Act of’77. But the practice, we believe, has been to call in-a jury in such cases to ascertain the sum due the plaintiff, in the nature
 
 *483
 
 of an assessment of the damages on a writ of enquiry, upon a judgment by default. Admitting the practice not to be founded on any express provision of the statute, yet it seems very proper in itself, as it is in aid of the judgment of the Court and violates no principle, but is conformable to the general preference of the law for a trial by jury, either in determining an issue of fact or in ascertaining damages. It cannot be erroneous to em-pannel a jury in such a case ; for if the Court could, without a jury, give a summary judgment, there is no harm in adding to the judgment of the Court the sanction of finding by a jury. From the provision in the statute for a jury to try an issue joined on an appeal, the power incidentally arises to the Court to call in the aid of a jury to ascertain the debt, when there is no issue and the debt is uncertain upon the warrant. It follows that the plaintiff was entitled to judgment, though there was no issue, for if the Court was satisfied that the sum of money was due to the plaintiff, there should be judgment for it, whether the Court became thus satisfied by force, simply, of the evidence given in Court, or by that together with the concurring verdict of the jury.
 

 Pee CuRiam. Judgment affirmed.